UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEPFON SMITH,

    Plaintiff,

v.                                            Case No. 3:22cv7781-LC-HTC

SGT. S. FOWLER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Stepfon Smith, a prisoner proceeding *pro se*, has filed an amended civil rights complaint under 42 U.S.C. § 1983 relating to the food service at Santa Rosa Correctional Institution ("SRCI"). ECF Doc. 22. After reviewing the complaint, the undersigned concludes it should be dismissed without prejudice as malicious under 28 U.S.C. § 1915A due to Plaintiff's abuse of the judicial process in failing to accurately disclose his litigation history.

**I.    Background**

Plaintiff initiated this case by submitting a document titled "suicidal letter" and "writ habeas corpus motion;" it alleged Plaintiff was having suicidal thoughts at SRCI but being denied inpatient treatment or placement in self-harm observation status by mental health staff. ECF Doc. 1. The Court construed the document as a motion for preliminary injunction and ordered the State of Florida to file a response.

ECF Doc. 3.  The Court also subsequently ordered Plaintiff to submit a complaint. ECF Doc. 5.

Plaintiff then submitted a complaint which named two correctional officers at SRCI—Sergeant S. Fowler and Officer S. Tumble—as Defendants.  ECF Doc. 14. The complaint alleged the Defendants exhibited deliberate indifference by failing to notify mental health staff about Plaintiff's four-day hunger strike in May 2022.  *See id.* at 7 ("Security officer(s) is not respecting my refusal(s) of these meal(s) and not documenting it on my DC6-229 form(s).").

The Court screened the complaint and informed Plaintiff it failed to state an Eighth Amendment claim because his four-day hunger strike did not pose a substantial risk of serious harm and Defendants' failure to comply with prison regulations did not equate to a constitutional violation.  ECF Doc. 17.  Thus, the Court ordered Plaintiff to file either a notice of voluntary dismissal or an amended complaint.

Plaintiff has now submitted an amended complaint.  ECF Doc. 22.  Although the amended complaint names Fowler and Tumble as the Defendants, the factual allegations differ significantly from the original complaint.[1]  Plaintiff now claims

---

[1] The allegations in Plaintiff's amended complaint are far-fetched and inconsistent with the allegations in the original complaint.  If Defendants had indeed been tampering with Plaintiff's food in the manner described, it certainly seems that Plaintiff would have included that information in the original complaint.

Case No. 3:22cv7781-LC-HTC

that, over a four-day period, Fowler: (1) put chemicals and feces on a Styrofoam tray and bleach in his drink; (2) "wasn't calling" for his soy-free dietary tray; (3) placed "balled up paper" in his box; (4) urinated on a "loaf" and placed it in his box. Plaintiff claims Tumble continued the mistreatment when Fowler was off working by: (1) "dump[ing] all [Plaintiff's] food in the box" and "not lift[ing] up the portal flap;" and (2) spraying chemical agents in Plaintiff's food tray and telling him to eat it. Based on the foregoing, Plaintiff alleges the Defendants violated his rights under the Eighth Amendment. As relief, he seeks damages.

## II. Legal Standard

Because Plaintiff is a prisoner seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must read Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III.   Failure to Accurately Disclose Litigation History

Section VIII of the Northern District of Florida's civil rights complaint form, titled "Prior Litigation" asks the following questions: (1) "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" (subsection A); (2) "Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?" (subsection C) (emphasis in original).  ECF Doc. 22 at 11-12.  Plaintiff answered "no" to the question in subsection A; he answered "yes" to the question in subsection C but disclosed only this pending case (Case No. 3:22cv7781).[2]  *Id.* at 11-13.  At the end of the complaint, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 14-15.  Thus, Plaintiff has in effect stated that at the time he filed this action, he had not had any federal cases dismissed before service, nor had he filed any lawsuits—other than this one—in federal court relating to his conditions of confinement.

As a matter of course, the Court attempts to make an independent

---

[2] Plaintiff provided identical answers to the questions about his litigation history in both his original complaint, ECF Doc. 14, and amended complaint, ECF Doc. 22.

Case No. 3:22cv7781-LC-HTC

investigation into whether litigants truthfully complete the complaint forms. Upon such an investigation, the undersigned takes judicial notice Plaintiff previously filed the case *Smith v. Inch*, N.D. Fla. Case No. 3:20cv5973-MCR-HTC,[3] which was dismissed before service due to Plaintiff's failure to prosecute and failure to comply with a Court order. Plaintiff should have disclosed the existence of this case in response to the questions in subsections A and C but did not.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Also, Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners: "***[F]ailure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***" ECF Doc. 22 at 10 (emphasis in original). Nonetheless, Plaintiff made at least one false representation in his complaint. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

---

[3] This case bears Plaintiff's FDOC inmate number (N21103), which confirms he filed it.

Case No. 3:22cv7781-LC-HTC

The Court should not allow Plaintiff's false response to go unpunished. An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at

*1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

## IV. Conclusion

Based on the foregoing, the undersigned finds Plaintiff made at least one false representation under penalty of perjury in subsections VIII-A and VIII-C of the complaint by failing to fully disclose his prior litigation. Such conduct is considered "malicious" under 28 U.S.C. § 1915A(b)(1) and is grounds for dismissal.

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process.

2. That the clerk close the file.

At Pensacola, Florida, this 30th day of December, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1.